■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY LUGO, Appellant. [61 NYS3d 493]—Judgment, Supreme Court, Bronx County (Ethan Greenberg, J.), rendered June 2, 2016, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him to an aggregate term of imprisonment of three years, to be followed by two years of postrelease supervision, unanimously affirmed.

Although we do not find that defendant made a valid waiver of the right to appeal, we perceive no basis for reducing the sentence. Concur—Manzanet-Daniels, J.P., Mazzarelli, Webber and Oing, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID CASILLA, Appellant. [61 NYS3d 493]—Judgment, Supreme Court, New York County (Ronald A. Zweibel, J. at plea; Daniel P. FitzGerald, J. at sentencing), rendered December 18, 2014, unanimously affirmed.

Application by defendant's counsel to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Saunders*, 52 AD2d 833 [1st Dept 1976]). We have reviewed this record and agree with defendant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant may apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order.

Denial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice. Concur—Manzanet-Daniels, J.P., Mazzarelli, Webber and Oing, JJ.